Fred R. Dudley Lee County Attorney for Clerk of Court
QUESTION: Are records created under ss. 394.459(9), 396.112, and 397.053, F.S., which are possessed by the clerk of court, public records subject to the inspection and copying requirements of Ch.119, F.S.?
SUMMARY: Records produced pursuant to ss. 394.459(9), 396.112 and 397.053, F.S., are specifically made confidential and exempt from the inspection and copying requirements of Ch. 119, F.S.
Chapter 119, F.S., the Public Records Law, states that "[e]very person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. . . ."[1] Section 119.07(3)(a), F.S., however, provides that all public records which are presently made confidential by law or which are prohibited from being inspected by the public are exempt from the inspection requirements of s. 119.07(1), F.S.
Section 394.459(9), F.S., as amended by s. 11, Ch. 90-347, Laws of Florida, in part, provides:
 CLINICAL RECORD; CONFIDENTIALITY. — A clinical record for each patient shall be maintained. The record shall include data pertaining to admission and such other information as may be required under rules of the department. A clinical record is confidential and exempt from the provisions of s. 119.07(1). Unless waived by express and informed consent by the patient or his guardian or, if the patient is deceased, by the patient's personal representative or by that family member who stands next in line of intestate succession, the confidential status of the clinical record shall not be lost by either authorized or unauthorized disclosure to any person, organization, or agency. No part of the clinical record shall be released, except:
(a) The record may be released to such persons and agencies as designated by the patient or his guardian. . . . (b) The record shall be released to persons authorized by order of court, excluding matters privileged by other provisions of law. . . .
* * *
(f) Any law enforcement agency, treatment facility, or other governmental agency that receives information pursuant to this subsection shall maintain such information as confidential and exempt from the provisions of s. 119.07(1) as provided herein. (e.s.)
Thus, under s. 394.459(9), F.S., clinical records received by the clerk of court would not lose their confidential status and must continue to be maintained as confidential and exempt from s.119.07(1), F.S. Section 396.112, F.S.,[2] in part, states:
Records of alcoholics and intoxicated persons. — The records of a treatment resource pertaining to the identity, diagnosis,prognosis, or treatment of any person are confidential and areexempt from the provisions of s. 119.07(1). Such records shall not be disclosed without the written consent of the person to whom they pertain . . . . (e.s.)
Records maintained and generated by a treatment resource or facility for alcoholics and intoxicated persons are statutorily made confidential and exempt from s. 119.07(1), F.S. Furthermore, except in specific situations not applicable here,[3]
such records may not be disclosed without the written consent of the person to whom they pertain.
Section 397.053, F.S.,[4] in part, provides:
Records of drug abusers. — The records of a treatment resource pertaining to the identity, diagnosis, prognosis, or treatmentof any person are confidential and are exempt from the provisionsof s. 119.07(1). Such records shall not be disclosed without the written consent of the person to whom they pertain . . . . (e.s.)
Thus, as with records of alcoholics and intoxicated persons, records of drug abusers in a treatment resource are statutorily made confidential and exempt from s. 119.07(1), F.S., and may not be disclosed without the written consent of the person who is receiving the treatment.[5]
Generally, when materials are filed with the clerk of court, such records are open to the public.[6] In AGO 89-94, this office concluded that in the absence of a specific statutory provision or court rule making a record confidential or dictating the manner of its release and absent a court order closing a particular court record, probate records filed with the clerk of court are subject to Ch. 119, F.S.
The records created pursuant to ss. 396.112 and 397.053, F.S., are statutorily made confidential and exempt from the provisions of s.119.07(1), F.S. This office has previously recognized that the confidentiality of a record in the possession of the custodian does not, absent statutory authority, continue when such record is transferred to another public agency.[7] "Clinical record" is defined as "all parts of the record required to be maintained and includes all medical records, progress notes, charts, admission and discharge data, and all other information recorded by a facility which pertains to the patient's hospitalization and treatment."[8] The general provision in s. 394.459(9), F.S., regarding the continued confidentiality of "clinical records" whether disclosed with or without authority, therefore, would apply to clinical records created pursuant to ss. 396.112 and 397.053, F.S., in the possession of the clerk of court.
Based upon the foregoing, it is my opinion that the records created pursuant to ss. 394.459, 396.112 and 397.053, F.S., continue to be confidential and exempt from s. 119.07(1), F.S., when placed in possession of the clerk of court.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 119.07(1)(a), F.S.
[2] As amended by s. 12, Ch. 90-347, Laws of Florida.
[3] Section 396.112(1)-(4), F.S., states those circumstances under which "appropriate disclosure" may be made without such consent.
[4] As amended by s. 13, Ch. 90-347, Laws of Florida.
[5] Section 397.053(1)-(4), F.S., sets forth specific instances, not applicable here, in which records of drug abusers may be disclosed without the written consent of the person undergoing treatment.
[6] See, Petition of Kilgore, 65 So.2d 30 (Fla. 1953) (advisory opinions issued by the Court to the Governor become part of the public files of the Court when filed with the clerk's office).
[7] See, AGO's 89-12 and 85-62.
[8] Section 394.455(18), F.S.